## JACKSON v. HILL, et al.

MARRIED WOMEN—SEPARATE PROPERTY. Property belonging to the wife at the time of the marriage is not within the provisions of chapter III., of Gould's Digest, entitled "Married Women." Filing a *schedule* of such property in the recorder's office can not affect the rights of the husband in respect to it.

All the wife's *personal property*, in her possession at the time of her marriage, vests absolutely in the husband.

A court of equity will interfere to decree the wife a reasonable provision out of her separate property only when the husband asks the aid of the court to enable him to obtain possession of the wife's property, or where the property, not having come into his possession, is within the reach of the court.

*Appeal from Ouachita Circuit Court.*

Hon. JOHN T. BEARDEN, Circuit-Judge.

J. H. CARLETON, for appellant.

W. W. LEAKE, for appellees.

HARRISON, J.

The appellant alleges in her bill that at the time of her marriage with the defendant, William L. Jackson, she owned and possessed certain personal property, among which was a stock of cattle, hogs and sheep; that in a few days after her marriage she filed a schedule thereof, in the recorder's office of Ouachita county, where she resided; that afterwards her husband, to secure to the defendant, Tyra Hill, the payment of a note for four hundred dollars, executed to the defendant, Robert E. Sallie, a deed, by which he bargained and sold to him certain cattle, hogs and sheep, a part or the increase of those contained in the schedule, in trust, should default be made in the payment of the note at maturity, to take the said property

into possession, and after giving ten days' notice, to sell the same at auction, for cash, and with the proceeds pay off and discharge the note ; that default being made in the payment of the note, Sallie had taken possession of the property, and was proceeding to advertise and sell it. She claims the same as her sole and separate property, and denies that her husband had any right to sell or incumber it, and prays that the deed be canceled ; that the property mentioned in the schedule, with its increase, be settled upon her, for her support and maintenance, and for injunction against the sale, &c.

The defendant filed a demurrer for want of equity in the bill, which, upon argument, was allowed, and the bill dismissed.

Property belonging to the wife at the time of the marriage is not within the provisions of chapter III., of the Digest, entitled "Married Women," and filing a schedule of it can not affect the rights of the husband in respect to it. Upon her marriage, all the complainant's personal property, in her possession, vested absolutely in her husband. See *Ferguson & Neil v. Moore and wife*, 19 *Ark.*, 379.

The court correctly refused to settle the property in controversy upon the complainant. It is only where the husband asks the aid of a court of chancery to enable him to obtain possession of his wife's property, or where, not having come into possession, it is within the reach of the court, that it will interpose to decree her a reasonable provision out of it.

The decree is affirmed.